UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

RICARDO FLORES,                                    :   Civ. Action No.: CV-05-6242

Individually, and on behalf of all others similarly :
Situated,                                          :
                                                   :
                Plaintiff,                         :   **COMPLAINT**
                                                   :   (FLSA Collective Action)
-against-                                          :
                                                   :   Jury Trial Demanded
GOTHAM REGISTRY INC.                               :
                                                   :
                Defendant.                         :

---------------------------------------------------------------- X

Plaintiff Ricardo Flores, by Abdool Hassad, his attorney, on behalf of himself and others similarly situated, complaining of the Defendant, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff allege on behalf of himself, and other similarly situated current and former nurses who worked for the Defendant and were paid hourly and from whose wages Defendant did not make withholdings, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that they are: (I) entitled to unpaid wages from Defendant for overtime work for which they did not receive any overtime premium pay, and (ii) entitled to liquidated damages pursuant to the FLSA 29 U.S.C §§201 et seq.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b).

1

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

4. This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff Flores has consented in writing to the filing of this FLSA collective action and the consent is being filed with the Court.

## THE PARTIES

6. Plaintiff Ricardo Flores (hereinafter "Flores") is a resident of Queens County in the State of New York.

7. Upon information and belief, Defendant Gotham Registry Inc., (hereinafter "Defendant" or "Gotham") is a domestic business corporation.

8. Upon information and belief, Defendant has its principal offices at 75 Maiden Lane, 7th Floor, New York, NY 10038.

9. Upon information and belief, Ms. Caroline Barrett is the Chairman or Chief Executive Officer of Gotham

10. Upon information and belief, Defendant has several offices throughout New York State.

11. Upon information and belief, Defendant has operations and offices in the State of New Jersey and the State of Florida

## STATEMENT OF FACTS

12. Defendant is in the business of providing health care and nursing services to hospitals, nursing homes and other entities requiring such services.

13. Defendant hires nurses like Plaintiff and places them to work with Defendant's clients such as Bellvue Hospital Center and the New York City Health and Hospitals Corporation.

14. Plaintiff has been employed Defendant since 2001 by Defendant and continues to work for Defendant.

15. Plaintiff has worked for Defendant since 2001 and he continues to work for Defendant.

16. During the time Plaintiff worked for Defendant, Plaintiff' was placed to work at Bellvue Hospital Center located at 462 First Avenue New York, New York 10016.

17. Bellevue Hosptial Center is part of the New York City Health and Hospitals corporation and is a large hospital with hundreds of patients and employees.

18. Plaintiff believes that Bellvue Hospital and the NYCHHC is also his joint employer but the instant suit is against Defendant Gotham Registry Inc.

### Plaintiffs are Employees and not an Independent Contractors

19. **Hereinafter, "Plaintiffs" refers to Named Plaintiff Ricardo Flores and any members of the class that is defined herein, who file individual consent to sue and/or join in this action.**

20. At all times relevant herein, as a matter of economic reality, Plaintiffs, including Plaintiff Flores, depended upon Defendant for the opportunity to render service and are not in business for themselves.

21. At all times relevant herein, Plaintiffs, including Plaintiff Flores, made little or no investment in order to perform work for Defendant.

22. At all times relevant herein, Plaintiffs, including Plaintiff Flores, do not rent business offices, do not advertise, do not hire their own workers or make other similar types of investment that are common in starting and running a business.

23. At all times relevant herein, Plaintiffs, including Plaintiff Flores, had no opportunity for profit or loss. Given the absence of investment, Plaintiffs' income was determined by the number of hours they worked for Defendant and the hourly rate of pay which was determined by Defendant.

24. At all times relevant herein, the services rendered by the Plaintiffs, including Plaintiff Flores, constituted the most integral part of Defendant's business, which was to provide health care personnel (nurses) on request.

25. At all times relevant herein, Defendant exercised authority and control over Plaintiffs, including Plaintiff Flores. Defendant controls the number of hours worked by Plaintiffs, Defendant controls and sets the hourly rate paid to Plaintiffs.

26. At all times relevant herein, Defendant has authority and control over the procedures and policies that govern Plaintiffs' performance of their nursing jobs, including Plaintiff Flores.

27. At all times relevant herein, Plaintiffs, including Plaintiff Flores, were not free to use their own methods and techniques in performing their nursing jobs, as they must follow the procedures and policies prescribed by Defendant and its clients.

28. At all times relevant herein, Defendant actually supervised Plaintiffs, including Plaintiff Flores, together with its clients.

29. At all times relevant herein, Plaintiffs, when working for Defendant, generally work in teams and report to a charge nurse and/or a nurse supervisor.

30. At all times relevant herein, Defendant possessed the right to inspect, review, and supervise the work of Plaintiffs, including Plaintiff Flores.

31. Unlike doctors, nurses are not known to operate independent medical offices.

32. Nurses are not licensed to practice medicine as doctors, nurses cannot legally perform medical procedures essential to independent practice and as such, are dependent on Defendant and its clients for work.

33. At all times relevant herein, Plaintiffs, including Plaintiff Flores, did not use their nursing skills in any independent way. Plaintiffs depended on Defendant for work, and Defendant in turn controlled the terms and conditions of the employment relationship.

34. At all times relevant herein, Plaintiffs, including Plaintiff Flores had a relatively permanent relationship with Defendant. In the case of Plaintiff Flores, he has worked for Defendant for about the last four years and Defendant has been his primary source of income over this period.

35. At all times relevant herein, in addition to Plaintiffs, Defendant employed other nurses and treated and classified them as employees and these employee-nurses were issued a W-2 Wage and Earnings Statement.

36. At all times relevant herein, as to the nurses Defendant treated as employees, they operated and worked in the same or substantially the same manner as Plaintiffs, including Plaintiff Flores.

37. At all times relevant herein, many of the other nurses with whom Plaintiffs worked, were treated as employees.

38. In the case of Plaintiff Flores, he worked in a team of nurses many of whom were employees of Bellvue Hospital or Defendant and they performed the same work as Plaintiff Flores.

39. At all times relevant herein, those Plaintiffs who also do some work through other employers do so because of the nature the profession and not because of their success in marketing their skills independently.

40. **At all times relevant herein, Plaintiffs, including Plaintiff Flores, were employees of Defendant and not independent contractors.**

41. At all times relevant herein, Defendant paid Plaintiffs, including Plaintiff Flores, an hourly rate of pay and as hourly employees, while Plaintiffs worked for Defendants.

42. Defendant paid Plaintiff Flores, an hourly rate of $40 per hour.

43. At all times relevant herein, Plaintiffs, including Plaintiff Flores, worked more than forty hours per week while working for Defendant.

44. At all times relevant herein, Plaintiffs, including Plaintiff Flores, were not paid a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours each week while working for Defendant.

45. At all relevant times herein, Defendant calculated regular pay of Plaintiffs by multiplying the number of hours worked by the hourly rate of pay.

## AS AND FOR A FIRST CAUSE OF ACTION
## UNPAID OVERTIME – FLSA 29 U.S.C 201 et Seq.

46. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

47. Plaintiff Flores consented in writing to be a party to this action, pursuant to 29 U.S.C. 216(b). The written consents of those Plaintiffs who opt into this action will be filed with the Court.

48. While class certification pursuant to FRCP Rule 23 is not required for an FLSA collection action, defining the class of eligible FLSA Plaintiffs is useful as the Court will be asked to order Defendant to produce the names and addresses and other information for members of the class.

### The FLSA Class

49. The class of eligible opt-in Plaintiffs consists of all persons who worked for defendant as nurses, who were paid at an hourly rate and from whom Defendant did not withhold FICA or Social Security taxes (were given a 1099 instead of a W-2), at any time from 3 years prior to the filing of this case, to entry of judgement in this case (the "class" and "class period", respectively).

50. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over one hundred members of the class during the class period.

51. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

(a) whether Defendant failed and/or refused to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the FLSA.

(b) Whether Plaintiffs are employees under the FLSA entitled to overtime pay, as opposed to Independent Contractors.

52. The claims of the representative party are typical of the claims of the Class. The representative parties will fairly and adequately protect the interests of the Class.

53. A collective action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

54. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55. At all times relevant to this action, Plaintiffs, including Plaintiff Flores, were employed by Defendant within the meaning of the FLSA.

56. At all times relevant to this action, Plaintiffs, including Plaintiff Flores, engaged in commerce and/or Defendant was an enterprise engaged in commerce including interstate commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57. At all times relevant to this action, Defendant transacted and transacts commerce and business in excess of $500,000.00 annually or have revenues in excess of $500,000.00 annually, for all applicable periods in question.

58. At all times relevant to this action, Defendant failed and **willfully** failed to pay Plaintiffs, including Plaintiff Flores, overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207 (a)(1).

59. Defendant's failure to pay overtime was willful, in part because Defendant was previously investigated by the U.S. Department of Labor, entered into an agreement in or around 1994 to pay overtime to nurses but still did not pay Plaintiffs required overtime.

60. Defendant's failure to pay overtime was willful, in part because Defendant failed to pay overtime even after the decision in <u>Brock v. Superior Care, Inc</u>. 840 F.2d 1054 (2nd Cir. 1988).

61. Due to Defendant's FLSA violations, Plaintiffs, including Plaintiff Flores, are entitled to recover from Defendant, their unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

62. Approve this action as a collective action under the Fair Labor Standards Act, order Defendant to produce names of eligible class members and approve the required notices for mailing.

63. Declare Plaintiffs, including Plaintiff Flores to be employees of Defendant under the Fair Labor Standards Act entitled to overtime pay under the FLSA.

64. Declare Defendant's conduct, complained of herein, to be in violation of the Plaintiffs' rights under the Fair Labor Standards Act.

65. Enjoin Defendant from engaging in any violations of the overtime provisions of the Fair Labor Standards Act with respect to employees who still work for Defendant including members of the Plaintiffs' Class.

66. Award Plaintiffs their unpaid overtime compensation due under the FLSA.

67. Award Plaintiffs an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216.

68. Award Plaintiffs the costs of this action together with reasonable attorneys' fees pursuant to applicable laws including the Fair Labor Standards Act 29 USC 216.

### DEMAND FOR TRIAL BY JURY

69. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Jamaica, New York
July 4, 2005

Respectfully submitted,

*[signature]*

By: Abdool Hassad, Esq. (AH6510)
175-61 Hillside Avenue, Suite 306
Jamaica, NY 11432
Tel: (718) 725-2820
ATTORNEY FOR THE PLAINTIFFS